REVISED May 19, 2009

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-30699

LESLEY HARROWER; DAVID HARROWER; MICHAEL HARROWER

Plaintiffs - Appellants

V.

STATE OF LOUISIANA on behalf of Louisiana Department of
Transportation

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC 6:04-CV-00305

Before REAVLEY, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lesley Harrower, David Harrower, and Michael Harrower ("Appellants")
sued the Louisiana Department of Transportation and Development ("DOTD"),
among others, for the death of Philip Harrower, who was struck by a train at a
railroad crossing. After excluding evidence of earlier accidents at the crossing,
the district court granted DOTD's motion for summary judgment and dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plaintiffs' case. Appellants appeal that judgment and complain of the district court's ruling excluding the evidence of prior accidents. We affirm.

I.

Philip Harrower was killed when a train collided with his car at a railroad crossing on Louisiana Highway 88. Harrower had made a left-hand turn onto Highway 88 from Louisiana Highway 182, and was struck at the crossing which is located close to the intersection of the two roads. His wife and children sued DOTD under La. Rev. State. Ann. § 9:2800, which allows a public entity to be held liable for a dangerous thing within its care so long as the public entity has "actual or constructive notice of the particular vice or defect which caused the damage." La. Rev. State. Ann. § 9:2800(C) (2005).

In order to demonstrate that DOTD had notice of the dangerous nature of the intersection, Appellants sought to introduce evidence of nine prior accidents that had occurred at the same crossing. The district court determined that the accidents were so dissimilar from Harrower's accident that they should be excluded under Fed. R. Evid. 403 for potentially causing unfair prejudice. Appellants presented no other evidence demonstrating that DOTD had notice of any danger inherent in the crossing, and the district court granted summary judgment in favor of DOTD.

II.

The district court excluded evidence of the nine prior accidents under Fed. R. Evid. 403 on grounds that the accidents were so dissimilar or so remote in time that the probative value of the evidence was outweighed by the danger of unfair prejudice. We review a district court's ruling on admissions of evidence for an abuse of discretion. Baker v. Canadian Nat'l/Ill. Cent. R.R., 536 F.3d 357, 366 (5th Cir. 2008).

The first of the nine accidents occurred in 1975, and the district court determined that this 25-year-old accident was so remote in time that the

probative value of the evidence was extremely limited. The exclusion of the evidence was not an abuse of discretion. Seven of the remaining accidents involved vehicles approaching the railroad crossing from the south on Highway 88, not from the north as Harrower did. Therefore, excluding them because of their dissimilarity from Harrower's accident was not an abuse of discretion.

Only one of the accidents involved a vehicle that turned south on Highway 88 just before reaching the tracks, which was the route Harrower took. In that accident, a tractor pulling two sugarcane carts turned onto Highway 88 from Highway 182, as Harrower did. A train struck the carts as they crossed the tracks. The driver of the tractor stated that the crossing lights were not functioning at the time. Appellants here have stipulated that the lights were working at the time of the Harrower accident. The police investigated the accident, generated a police report, and ticketed the driver. The record does not show that any claim was made against DOTD or any other state entity. Accordingly, the exclusion of evidence of this accident, allegedly caused by malfunctioning signals, was not an abuse of discretion.

## III.

With the evidence of the nine accidents excluded, Appellants have no evidence to demonstrate that the DOTD had actual or constructive knowledge of the alleged dangerousness of the crossing. Therefore we affirm the summary judgment in favor of DOTD.

AFFIRMED.